**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000114**
**12-MAY-2011**
**08:38 AM**

NO. CAAP-10-0000114


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PP85 McCANDLESS RANCH, LLC,
Plaintiff-Appellant,

and

ELIZABETH M. STACK,
Plaintiff-Appellee,

v.

ALBERT H. SILVA, MOANI MARKS, et al.,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 97-0614)


ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over Plaintiff/Counterclaim Defendant/Appellant PP85

McCandless Ranch, LLC's (Appellant McCandless Ranch), appeal from

the Honorable Gary W.B. Chang's September 27, 2010 "Order Denying Substituting Plaintiff PP85 McCandless Ranch, LLC's Motion to Enforce Settlement Agreement" (Order Denying Motion to Enforce Settlement Agreement), because the circuit court has not yet entered a final judgment on all claims, and the Order Denying Motion to Enforce Settlement Agreement does not satisfy all of the requirements for appealability under the collateral order doctrine.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). The circuit court has not yet entered a final judgment on all claims in this case.

Appellant McCandless Ranch asserts that the Order Denying Motion to Enforce Settlement Agreement is an appealable order under the collateral order doctrine. "In order to fall within the narrow ambit of the collateral order doctrine, the order must [1] conclusively determine the disputed question,

-2-

[2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Siangco v. Kasadate, 77 Hawaiʻi 157, 161, 883 P.2d 78, 82 (1994) (citations and internal quotation marks omitted) (original brackets). Appellant McCandless Ranch cites Cook v. Surety Life Ins. Co., 79 Hawaiʻi 403, 903 P.2d 708 (App. 1995), in support of its claim that the Order Denying Motion to Enforce Settlement Agreement is appealable under the collateral order doctrine. However, Cook is distinguishable. In Cook, this court held that the trial court's order enforcing a settlement agreement was an appealable collateral order. Id. at 408, 903 P.2d at 713. We concluded that the trial court's order enforcing the settlement agreement "would be effectively unreviewable on appeal from a final judgment in the case." Id. at 407, 903 P.2d at 712. This is because "the settlement agreement provided that a voluntary stipulation for dismissal with prejudice pursuant to [Hawaiʻi Rules of Civil Procedure] Rule 41(a)(1)(B) would be filed, rather than a judgment," and the filing of such a stipulation "would ordinarily terminate the jurisdiction of the court as to the matters covered." Id. at 407-08, 903 P.2d at 712-13.

In this case, however, Appellant McCandless Ranch appeals from an order which denied its motion to enforce a settlement agreement. The Order Denying Motion to Enforce Settlement Agreement will not be effectively unreviewable on appeal from a final judgment, and thus it does not qualify as an appealable collateral order. Appellant McCandless Ranch will

have an opportunity to obtain appellate review of the Order Denying Motion to Enforce Settlement Agreement by way of an appeal from the final judgment eventually entered in this case. "An appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted). The Order Denying Motion to Enforce Settlement Agreement is not an appealable judgment or order and we lack appellate jurisdiction over Appeal No. CAAP-10-0000114. Accordingly,

IT IS HEREBY ORDERED that we dismiss Appeal No. CAAP-10-0000114 for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 12, 2011.

Chief Judge

Associate Judge

Associate Judge